UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-cv-20819-ALTMAN

ARMANDO BARRIOS-SIFONTE,

     *Petitioner,*

*v.*

E.K. CARLTON, *et al.*,

     *Respondents.*

_____/

## ORDER

This Petition for Writ of Habeas Corpus (the "Petition") [ECF No. 1] presents a question of statutory interpretation that has divided judges across the country: Is an alien who's living in the United States without having been lawfully admitted subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), or is he entitled to a bond hearing under 8 U.S.C. § 1226(a)? After a careful review of the Petition, the Government's Corrected Response to Order to Show Cause ("Response") [ECF No. 7], and the Renewed Emergency Motion for Administrative Stay ("Emergency Motion") [ECF No. 13], we **DENY** the Petition.[1]

### BACKGROUND

Our Petitioner, Armando Barrios-Sifonte, is a "Cuban national in removal proceedings, charged with having entered the United States without admission or inspection." Resp. at 1. "He entered the country without inspection on March 12, 2022[,] and was encountered by a Border Patrol Agent approximately 6 miles northwest of the San Luis, Arizona Port of Entry." *Ibid.* "After he was

---

[1] The Petitioner never filed a reply brief, despite our invitations to do so. *See* Paperless Order [ECF No. 9] ("The Petitioner has until March 12, 2026, to file a traverse." (emphasis omitted)); Paperless Order [ECF No. 12] ("The Petitioner has until March 12, 2026, to file a traverse.").

initially detained, he was released on recognizance and issued a Notice to Appear for removal proceedings" pursuant to § 240 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229a. *Id.* at 1–2. In September 2025, he was "re-detained" by Immigration and Customs Enforcement ("ICE"). *Id.* at 2; *see also* Pet. ¶ 2 ("Mr. Barrios-Sifonte was arrested and detained in September 2025, following his routine check-in [during an] ICE . . . appointment in Miramar, Florida."). "On January 13, 2026, Petitioner submitted a request for redetermination of custody, but on January 23, 2026[,] an immigration judge denied the request, concluding that the immigration lacked jurisdiction to consider release on bond." Resp. at 2. The Petitioner "is currently detained at Federal Detention Center Miami." *Ibid.*

The Petitioner now seeks habeas relief in our Court, bringing five counts. Count I alleges that his detention "violates procedural due process." Pet. ¶ 62; *see also id.* ¶ 61 ("Mr. Barrios-Sifonte . . . complied fully with all reporting and court appearance obligations during the pendency of his § 240 removal proceedings . . . [and] affirmatively sought immigration relief in the form of asylum, withholding of removal, and CAT protection. At present, there is no final order of removal against him. Thus, the Government's interest in detaining Mr. Barrios-Sifonte, is not only weak but constitutionally insufficient to justify depriving him of his liberty without adequate procedural protections."). Count II claims that the "Petitioner's detention violates substantive due process." *Id.* ¶ 70; *see also id.* ¶¶ 68–69 ("Petitioner is no danger to society, as evidenced by the fact that he has had NO contacts with law enforcement. Mr. Barrios-Sifonte's detention appears to be purely punitive as it bears no 'reasonable relation' to any legitimate government purpose."). Count III—styled "[r]elease [p]ending [d]etermination"—contends that "[e]xtraordinary circumstances, such as . . . redetention without any active Order of Removal, exists making . . . release essential for the remedy to be effective." *Id.* ¶ 73. Count IV argues that "[t]he application of § 1225(b)(2) to Petitioner unlawfully mandates his continued detention and violates the INA." *Id.* ¶ 76. And Count V argues that "[t]he

application of § 1225(b)(2) to Petitioner unlawfully mandates his continued detention and violates 8 C.F.R. §§ 236.1, 1236.1, and 1003.19." *Id.* ¶ 80.

**THE LAW**

Section 2241 allows district courts to grant relief to petitioners who are held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This jurisdiction extends to petitioners challenging their detention under our immigration laws. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**ANALYSIS**

**I.      The Petitioner's Detention is Governed by 8 U.S.C. § 1225**

Section 1225 governs the inspection and removal of a specific subset of aliens—"applicants for admission." 8 U.S.C. § 1225(a). Subsection (a)(1) defines "applicant[s] for admission" as "alien[s] present in the United States who [have] not been admitted *or* who arrive[ ] in the United States[.]" § 1225(a)(1) (emphasis added). An alien hasn't been "admitted" to the United States until he's obtained "lawful entry . . . into the United States after inspection and authorization by an immigration officer." § 1101(a)(13)(A). An applicant for admission who isn't "clearly and beyond a doubt entitled to be admitted" to the United States "shall be detained" for removal proceedings. § 1225(b)(2)(A).

The Petitioner argues that "§ 1225(b)(2)(A) does not apply to individuals like [the] Petitioner who previously entered and are now residing in the United States." Pet. ¶ 9; *see also ibid.* ("Instead, such individuals are subject to a different statute, § 1226(a), that allows for release on conditional parole or bond. That statute expressly applies to people who, like Petitioner, are charged as inadmissible for having entered the United States without inspection."). In turn, the Respondents maintain that the "Petitioner is properly detained as an applicant for admission subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A)." Resp. at 4. We agree with the Respondents.

3

Whether an alien who's lived in the United States unlawfully for years is an "applicant for admission" under § 1225 has divided the judges in our District. *Compare Morales v. Noem*, 2026 WL 236307, at *8 (S.D. Fla. Jan. 29, 2026) (Singhal, J.) ("Because Petitioner is present without admission, he is an 'applicant for admission' governed by section 1225."); *with Ardon-Quiroz v. Assistant Field Dir.*, 2025 WL 3451645, at *7 (S.D. Fla. Dec. 1, 2025) (Becerra, J.) (holding that a petitioner like ours was "governed by section 1226(a) and, therefore, . . . entitled to an individualized bond hearing"). And the Eleventh Circuit hasn't resolved this split—although two relevant appeals are pending in that court. *See Alvarez v. Warden,* No. 25-14065 (11th Cir.); *Perez v. Parra*, No. 25-14075 (11th Cir.).

But the Fifth Circuit *has* addressed this precise question in a recent (and thorough) opinion. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). In that case, the Fifth Circuit concluded that "[t]he text and context of § 1225 contradict[ed]" the Petitioner's position and held that aliens "present in the United States [that] [have] not been admitted" are unambiguously "applicants for admission within the meaning of § 1225(a)(1)." *Id.* at 502.

After careful review, we think the Fifth Circuit and our own Judge Singhal have the better view. *See generally ibid.*; *Morales*, 2026 WL 236307. The plain text of § 1225(a)(1) defines aliens, like our Petitioner, as "applicants for admission" notwithstanding their distance from the border or the time they've spent in the United States without admission. And, while the text of the statute resolves the question presented in our case, we also agree with the Fifth Circuit that the contrary view would yield bizarre results. As the Fifth Circuit observed: "It seems strange to suggest that Congress would have preserved bond hearings exclusively for unlawful entrants." *Buenrostro-Mendez*, 166 F.4th at 508.

We thus conclude that the Petitioner is an "applicant for admission" and that his detention is governed by § 1225, which doesn't grant him the right to an individualized bond hearing. *See id.* at 502 ("Nor do the petitioners dispute that if § 1225(b)(2)(A) applies to them, it would require their detention without eligibility for bond. The statute unambiguously provides for mandatory detention.

4

And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings." (cleaned up)).[2]

## II.   The Petitioner's Detention Doesn't Violate Due Process

The Petitioner also advances due-process claims. But the Supreme Court has already held that the government needn't conduct individualized bond hearings to determine an alien's flight risk and may detain aliens in removal proceedings to combat the risk of widespread flight. *See Demore v. Kim*, 538 U.S. 510, 528 (2003) (upholding § 1226(c)'s mandatory-detention scheme against a challenge that alien detainees had a due-process right to individualized bond hearings); *cf. Morales*, 2026 WL 236307, at *9 (rejecting a due-process claim in circumstances very similar to ours). And any *Zadvydas* claim here proves premature and must be denied. *See Zadvydas*, 533 U.S. at 701 ("[F]or the sake of uniform administration in the federal courts, we recognize [a presumptively reasonable six-month detention] period."); *see also Phadael v. Ripa*, 2024 WL 3088350, at *2 (S.D. Fla. June 21, 2024) (Altman, J.) ("Unless a detainee shows that his *post-removal* detention is *in excess of six months*, his § 2241 petition must be dismissed as premature." (cleaned up)).

---

[2] We recognize that we've adopted what is currently the minority view among district courts. *See Beunrostro-Mendez*, 2026 WL 323330, at *3 ("Since DHS began to detain unadmitted aliens under § 1225(b)(2)(A), well over a thousand aliens have filed habeas corpus petitions seeking bond hearings. In most of these cases, the district court found in favor of the petitioner."). Still, many judges across the country agree with the position we've taken here. *See, e.g.*, *Uulu v. Warden*, 2026 WL 412204 (E.D. Cal. Feb. 13, 2026) (Shubb, J.); *Arana v. Arteta*, 2026 WL 279786 (S.D.N.Y. Feb. 3, 2026) (Woods, J.); *Lopez v. Dir. of Enf't & Removal Operations*, 2026 WL 261938 (M.D. Fla. Jan. 26, 2026) (Pratt, J.); *Gutierrez Sosa v. Holt*, 2026 WL 36344 (W.D. Okla. Jan. 6, 2026) (Wyrick, J.). And we think that number will grow once these cases reach the circuit courts.

CONCLUSION

After careful review, therefore, we **ORDER and ADJUDGE** as follows:

1.  The Petition for Writ of Habeas Corpus [ECF No. 1] is **DENIED**.

2.  The Renewed Emergency Motion for Administrative Stay [ECF No. 13] is **DENIED as moot**.

3.  All pending deadlines are **TERMINATED**, and any pending motions are **DENIED as moot**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on March 18, 2026.

_____

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**


cc:     counsel of record

        Noticing INS Attorney
        Email: usafls-immigration@usdoj.gov

6